IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy E. Shafer, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00731 |
| v. | : | Judge Watson |
| Ohio Department of Rehabilitation & Corrections, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Timothy E. Shafer, an inmate at the Southeastern Correctional Facility, brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendant Nurse Woosley subjected him to cruel and unusual punishment by refusing to provide him with emergency medical treatment. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims, and to dismiss

---

[1]The full text of §1915A reads:

>	(a) Screening.--The court shall review, before dock-eting, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>	(b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that defendants Ohio Department of Rehabilitation and Correction and Southeastern Correctional Institution are arms of the State of Ohio that cannot be sued because the State has sovereign immunity from a suit for money damages under the Eleventh Amendment to the Constitution of the United States. Accordingly, the Magistrate Judge **RECOMMENDS** that these defendants be DISMISSED and the lawsuit continue as to plaintiff's claims against defendant Woolsey and the Doe defendants.

    The complaint alleges that on June 21, 2013 plaintiff Timothy E. Shafer was injured when he fell off a pull-up bar. He suffered pain and discomfort. He requested medical treatment, which was refused on the ground that he needed to fill out a health request form. Shafer went to the Captain's Office, which requested that a nurse come and see him. Defendant Woolsey came, but he refused to provide treatment. Captain

---

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

    (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

Miller called the Warden, and Shafer was transported by ambulance to the Fairfield Medical Center for treatment, then to the OSU medical center. Complaint, Exhibits, Doc. 1-2, PageID 11.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Quigley v. Thai,* 707 F.3d 675, 681 (6th Cir. 2013); *Scott v. Ambani,* 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "sufficiently serious." *Brennan v. Farmer,* 511 U.S. 825, 834 (1994). That is, "the inmate

must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008).

To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [Brennan v.] Farmer, 511 U.S. [825], 834 [(1994)]; Comstock [v. McCrary, 273 F.3d 693], 834 [(6th Cir. 2001)]." Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. See, Estelle, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. Estelle, 429 U.S. at 107-08; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. "One way a prison official can act with deliberate indifference is by 'consciously exposing the patient to an excessive risk of serious harm' while providing medical treatment. LeMarbe v. Wisneski, 266 F.3d 429, 439 (6th Cir.2001)." Quigley, 707 F.3d at 682. Deliberate indifference may be established in cases where it can be shown that a defendant

4

rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002)(quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998). A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

Here at the early, initial screening stage, the complaint states an Eighth Amendment claim against defendant Nurse Woolsey.

Section 1983 creates a cause of action against "persons" who acted to deprive the plaintiff of a constitutional right. Neither the Ohio Department of Rehabilitation and Correction or the Southeastern Correctional Institution are"persons" within the meaning of 42 U.S.C. § 1983. Further, the Southeastern Correctional Institution is not a legal entities capable of suing and being sued. The Ohio Department of Rehabilitation and Correction, which operates the Southeastern Correctional Institution, is a state entity entitled to sovereign immunity under the Eleventh Amendment to the Constitution of the United States. *Will v. Michigan Department of State Police,* 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Department of Rehabilitation and Correction,* 713 F.2d 1229, 1232 (6th Cir. 1983).

Accordingly, it is hereby **RECOMMENDED** that defendants Ohio Department of Rehabilitation and Correction and Southeastern Correctional Institution be **DISMISSED** because they are not "persons" within the meaning of 42 U.S.C. §1983 and they are immune from suit under the Eleventh Amendment to the Constitution of the United States. This lawsuit continues as to defendant Nurse Woolsey and the Doe defendants.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants Ohio Department of Rehabilitation and Correction and Southeastern Correctional Institution are not required to answer the complaint unless later ordered to do so by the Court. Defendant Nurse Woolsey is ORDERED to respond to the complaint within **forty-five days of being served with summons and complaint.**

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

          s/Mark R. Abel
          United States Magistrate Judge